DOLAN v. CONLON et al.

(Supreme Court, Appellate Division, First Department. July 12, 1906.)

1. RECEIVERS—EXTENSION OF RECEIVERSHIP TO OTHER ACTIONS.

A proceeding in which a receiver was appointed, with authority to collect rents and pay to a widow, to whom dower had been admeasured, the adjudged amounts, cannot be extended to a suit to set aside a transfer by the widow of her dower right as fraudulent as against a judgment creditor.

2. FRAUDULENT CONVEYANCES—RIGHTS OF GRANTEE.

In a suit to set aside a transfer by a widow of her dower as fraudulent against her creditors, the affidavit of plaintiff averred that she believed that the transfer was without consideration, and for the purpose of preventing the collection of the judgment. No facts were shown on which the belief was founded except the transfer. It was also alleged on information and belief that the transferee was a nonresident. There was no allegation that he was irresponsible, and he filed an affidavit averring that he was a resident of the state, and was financially responsible. *Held* not to authorize equity to restrain the transferee from collecting the rents of the interests transferred.

Appeal from Special Term, New York County.

Action by Ellen Dolan, administratrix with will annexed of John P. Conlon, deceased, against Eva K. Conlon and another. From an order extending a receivership and restraining the receiver from paying money to defendant George B. Morris, he appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Morris A. Tyng, for appellant.
George V. Grainger, for respondent.

HOUGHTON, J. The defendant Conlon had her dower in certain real property admeasured, and a receiver was appointed to collect rents and pay to her quarterly the adjudged amounts. She had brought an action to establish certain claims against the present plaintiff and others, and after decision had been announced against her, but before judgment for costs, amounting to $600, had been entered, she transferred her dower interest to the defendant Morris. The plaintiff claims that this was done in fraud of her rights, and in anticipation of her judgment, and has brought this action to set such transfer aside, and has obtained an order restraining the defendant Morris from receiving any rents through the receiver, and extending the receivership in the former action to this action.

There was no authority for extending the former receivership to the present action, nor was there any ground shown for restraining the defendant Morris from receiving rents under the dower claim which had been transferred to him. The affidavit of the plaintiff is that she believes the transfer was without consideration, and for the purpose of preventing the collecting of her judgment. No facts are shown upon which this belief is founded except the bare transfer. It is also alleged, upon information and belief, that Morris is a nonresident. There is no allegation, upon information and belief or otherwise, that he is irresponsible, and he files an affidavit in which he

swears that he has been a resident for 38 years, and still is, and that he is entirely responsible financially to meet any judgment which the plaintiff may obtain.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.